UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ANTHONY GODFREY,<br><br>Plaintiff,<br><br>v.<br><br>THEASE GODFREY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:24-cv-13124-JEK |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

*Pro se* plaintiff Anthony Godfrey has filed an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF 2. For the reasons set forth below, the Court denies his Application without prejudice. The Court also concludes that even if Mr. Godfrey had established entitlement to proceed *in forma pauperis*, his complaint does not state a claim under the Social Security Act. If Mr. Godfrey wishes to proceed with this action, the Court grants him leave to (1) file a new Application or pay the filing fee, and (2) replead his claims in an amended complaint.

**I.    Background.**

Mr. Godfrey, a Massachusetts citizen, brings this action against his sister, Thease Godfrey. ECF 1, ¶¶ I.A, IV. He alleges that his "Social Security check is being sent to [his] sister" and seeks a court order requiring his check to be mailed directly to him at his home address. *Id.* ¶¶ III, IV. The amount of the check is not disclosed.

Mr. Godfrey invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ II. The complaint does not list an address for the defendant or specify the exact amount in controversy, which Mr. Godfrey indicates is "the amount of [his] disability check." *Id.* ¶ I.B, II.B.3.

## II. Motion for Leave to Proceed In Forma Pauperis.

Federal courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if the litigant submits an affidavit that includes a statement of all his assets and shows that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

With his complaint, Mr. Godfrey filed an unsigned and undated Application to Proceed in District Court Without Prepaying Fees or Costs (also referred to as a motion to proceed *in forma pauperis*). ECF 2. In response to the second question regarding employment, Mr. Godfrey stated that he is disabled. *Id.* at 1. He did not answer the remaining questions on the Application, which include inquiries concerning other income; the amount of money that he has in cash or in a checking or savings account; ownership of any property; his monthly expenses; the contributions he makes to the support of any dependents; and any debts or financial obligations. *Id.* at 1-2. Without this information, the Court cannot ascertain whether Mr. Godfrey is unable to pay the filing fee. His Application is accordingly denied without prejudice, though he may renew his request by filing a complete Application that is signed and dated.

## III. Discussion.

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Even if Mr. Godfrey had established that he is unable to pay the filing fee, his complaint would be subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss an *in forma pauperis* complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Here, even liberally construed, the complaint would be subject to dismissal for failure to state a claim on which relief may be granted. Although the factual allegations are sparse, they support the inference that the Social Security Administration designated Mr. Godfrey's sister as his representative payee and that Mr. Godfrey now seeks to have her removed. Courts have widely concluded, however, that the Social Security Act does not create a private right of action for a beneficiary to sue a representative payee in federal court to remove the representative payee, even for mismanagement of benefits. *See Bates v. Nw. Hum. Servs., Inc.*, 466 F. Supp. 2d 69, 97-102 (D.D.C. 2006) (examining in detail the representative payee provisions of the Social Security Act and concluding that they do not provide beneficiaries with a cause of action against their representative payees); *see also Moore v. Moore*, No. 22-cv-747-CFC, 2023 WL 2018585, at *1 n.1 (D. Del. Feb. 15, 2023) (collecting cases); *Saidin v. City of New York*, No. 20-cv-2851-LLS, 2020 WL 2571043, at *2-3 (S.D.N.Y. May 19, 2020); *Hurvitz v. Hurvitz*, No. 15-cv-55-JD, 2015 WL 3905287, at *2 (D.N.H. June 25, 2015).

Instead, the Act "appear[s] to envision the Commissioner of Social Security as the conduit through which an aggrieved beneficiary will recover monies as compensation for payments

misappropriated or misused by the representative payee." *Bates*, 466 F. Supp. 2d at 98. Thus, to challenge the appointment of a representative payee, the beneficiary should first contact his local Social Security office to petition for the change. *See FAQs for Beneficiaries Who Have a Representative Payee*, Soc. Sec. Admin., https://www.ssa.gov/payee/faqbene.htm (last visited June 3, 2025). The Social Security Act requires a beneficiary to exhaust administrative remedies by obtaining a final decision from the Commissioner of Social Security regarding the requested change to the representative payee; only after the beneficiary has completed that process may he then appeal the determination in federal court by filing a suit against the Commissioner within sixty days of receiving the final decision. *See* 42 U.S.C. § 405(j)(2)(E)(i) ("Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee under paragraph (1) or with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner of Social Security to the same extent as is provided in subsection (b), and to judicial review of the Commissioner's final decision as is provided in subsection (g)."); 42 U.S.C. § 405(g) (after a final decision is issued by the Commissioner, an individual may obtain judicial review by filing a civil action against the Commissioner within sixty days).

      Mr. Godfrey brought this case against his sister instead of the Commissioner; as discussed, he does not have a cause of action in federal court against his sister in her capacity as his representative payee. His complaint does not specify whether he has exhausted his administrative remedies with the Social Security Administration by obtaining a final decision from the Commissioner of Social Security regarding the requested change to the representative payee. If he has in fact already exhausted those remedies, the Court grants him leave to amend his complaint by: (1) stating that he exhausted his administrative remedies and attaching the final decision of the

Commissioner of Social Security; (2) removing his sister as a defendant; and (3) naming the Commissioner of Social Security as the defendant instead. If the Court does not receive the amended complaint within 21 days, it will direct the Clerk to enter a judgment dismissing this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.   Conclusion.

For the foregoing reasons, the Court ORDERS:

1.   The motion for leave to proceed *in forma pauperis* is denied without prejudice.

2.   If Mr. Godfrey wishes to proceed with this action, he must, by June 26, 2025, (1) file an amended complaint as instructed above, if appropriate; and (2) pay the filing fee or file a complete Application to Proceed in District Court Without Prepaying Fees or Costs that is signed and dated. Failure to comply with these directives will result in dismissal of this action.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2025