UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY GODFREY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THEASE GODFREY, )<br>)<br>Defendant. )<br>) | No. 1:24-cv-13124-JEK |

## ORDER

**KOBICK, J.**

In a Memorandum and Order dated June 5, 2025, the Court denied without prejudice plaintiff Anthony Godfrey's Application to Proceed in District Court Without Prepaying Fees or Costs with leave to (1) pay the filing fee or file a complete Application; and (2) replead his claims in an amended complaint. ECF 4. The Court explained that Godfrey does not have a cause of action against his sister as representative payee, and that if he has exhausted his administrative remedies, he may refile an amended complaint naming the Commissioner of Social Security as the defendant. *Id.* at 4-5. The Court informed Godfrey that failure to comply with the Memorandum and Order on or before June 26, 2025 will result in dismissal of this action. *Id.*

Godfrey has not, to date, responded to the Court's Memorandum and Order, and the time to do so has expired. It appears that he no longer wishes to pursue this case. District courts have inherent power to dismiss cases for failure to prosecute. *See Santos v. Dep't of Educ. of Com. of Puerto Rico*, 108 F. App'x 638, 640 (1st Cir. 2004) (district courts have "the power to act *sua sponte* to dismiss a suit for failure to prosecute"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders . . . warrants dismissal"). Given that

2

Godfrey has not addressed the filing fee, has not filed an amended complaint, and has not taken any further action in this case, the Court DISMISSES this case without prejudice. The Clerk shall enter a separate order of dismissal.

    SO ORDERED.

                                        /s/ Julia E. Kobick
                                        JULIA E. KOBICK
                                        UNITED STATES DISTRICT JUDGE

Dated: July 7, 2025